UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 13-CR-83S (6) |
| v. | NOTICE OF MOTION |
| JOSE RIVERA, | |
| *Defendant.* | |

---

| | |
|---|---|
| **MOTION BY**: | Timothy P. Murphy, Assistant Federal Public Defender, Attorney for Jose Rivera. |
| **DATE, TIME & PLACE**: | At a date and time to be set before the Honorable William M. Skretny, U.S. Courthouse, Buffalo, New York. |
| **SUPPORTING PAPERS**: | Declaration of Timothy P. Murphy, Esq., dated June 18, 2020, and all prior proceedings had herein. |
| **RELIEF REQUESTED**: | An order granting leave to supplement defendant's *pro se* compassionate release pleadings (Docs. 670, 672); assignment of the Federal Public Defender's Office as counsel herein; and a reduction of defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). |

Dated: June 18, 2020
       Buffalo, New York

/s/Timothy P. Murphy_____
Timothy P. Murphy
Assistant Federal Public Defender - WDNY
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341
timothy_murphy@fd.org
*Attorney for Jose Rivera*

TO:   James P. Kennedy, Jr.
        US Attorney for the WDNY

1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                v.

**JOSE RIVERA,**

        *Defendant.*

**No. 13-CR-83S (6)**

**DECLARATION IN SUPPORT OF MOTION TO REDUCE SENTENCE (18 U.S.C. § 3582(c)).**

---

Timothy P. Murphy, Esq., pursuant to 28 U.S.C. § 1746, declares:

1. I am an assistant federal public defender for the WDNY. This declaration is respectfully submitted: **(1)** in supplement to, and in support of, the defendant's *pro se* motion for compassionate release ("CR") (Docs. 670, 672), and **(2)** for our office to be assigned as counsel on Mr. Rivera's behalf pursuant to Chief Judge Geraci's April 7, 2020 standing order. All allegations made in Mr. Rivera's previous CR filings are hereby reaffirmed.

2. As this submission is being filed subsequent to the Court's June 16, 2020 scheduling order, Doc. 673, the defense does not object to the government having a few extra days to respond, beyond its present June 24th deadline.

3. The factual basis for my allegations herein are from my phone conversation with Mr. Rivera, as well as my review of the pleadings and PSR in this matter and Mr. Rivera's BOP medical records, which will be made available to the Court upon request.

4. This declaration will primarily focus on Mr. Rivera's health problems in light of his present living conditions, specifically his suffering from Type 2 Diabetes. Based on his present circumstances, including the pandemic and FCI Allenwood's inadequate

2

protection of defendant's well-being, this Court should reduce his sentence under the First Step Act and 18 U.S.C. § 3582(c)(1)(A)(i), as "extraordinary and compelling reasons warrant such a reduction."

5. As this Court knows, because of the pandemic, "extraordinary and compelling" under § 3582(c)(1)(A)(i) has naturally expanded to the ever-increasing risk of COVID-19 to inmates convicted in our District. *See*, *e.g.*, *United States v. Wen*, 6:17-cr-06173-EAW, Doc. 107, 2020 U.S. Dist. 64395, at *2-3, 20-22 (W.D.N.Y. Apr. 13, 2020) (granting CR); *United States v. Haynes*, 6:18-cr-06015-EAW, Doc. 271 (W.D.N.Y. Apr. 14, 2020) (same); *United States v. Bess*, 1:16-cr-00156-LJV, Doc. 95 (W.D.N.Y. Apr. 21, 2020) (same); *United States v. Lucas*, 1:15-cr-00143-LJV, Doc. 1374 (W.D.N.Y. Apr. 22, 2020) (same); *United States v. Cassidy*, 1:17-cr-00116-WMS, Doc. 72 (W.D.N.Y. May 13, 2020) (same); *United States v. Schafer*, 6:18-cr-06152-EAW, Doc. 55 (W.D.N.Y. May 18, 2020) (same); *United States v. Chester*, 6:17-cr-06151-EAW, Doc. 51 (W.D.N.Y. May 28, 2020) (same); *United States v. Rivera-Amaro*, 1:18-cr-00183-EAW, Doc. 92 (W.D.N.Y. June 4, 2020) (same); *United States v. Flores*, 6:19-cr-06163-DGL, Doc. 62 (W.D.N.Y. June 8, 2020) (same).

6. Mr. Rivera, now 39 years of age, was sentenced by Your Honor on April 5, 2017 to 120 months in prison, after pleading guilty to possession with intent to distribute heroin. He entered FCI Allenwood (low) in May of 2017.

7. Even in the best of times, a diabetic must closely monitor his or her Hemoglobin (also known as "HbA1c" or "A1c") Test level. This is so because a high reading, which measures one's average blood sugar level, places a diabetic at greater risk for suffering

diabetes-related complications and serious illness. [1] I spoke with Mr. Rivera by phone on June 12th, following his June 2nd *pro se* CR filing. (Doc. 670). Therein he described in detail his active diabetes condition. Mr. Rivera's expressed concern for his well-being included his increased hemoglobin levels. He also opined that the facility was not providing him sufficient, or frequent enough, medication for his condition.

8. The safe range for a diabetic is an HbA1c level of 7% or less. [2] Mr. Rivera's medical records, however, confirm his concerns regarding his increased hemoglobin levels. *See*, *e.g.*, BOP Medical Records, report, dated 5/12/20 (9.8 HMG A1c level); "Health Services Clinical Encounter" form, p. 1 of 2, dated 3/11/20 (13.4 HMG A1c level); "Health Services Clinical Encounter" form, p. 1 of 5, dated 2/20/20 (referencing his 12/20/19 level of 13.4 and prior level of 13.7); "Health Services Clinical Encounter – Administrative Note" form, p. 1 of 1, dated 12/20/19 (referencing 13.4 HMG A1c level and 13.7 level in May of 2019); report, p. 2 of 2, dated 5/10/19 (13.7 HMG A1c level); report, p. 1 of 1, dated 2/26/19 (13.8 HMG A1c level); *see also*, PSR, ¶ 79 (discussing, among other things, Mr. Rivera's discovery of his type 2 diabetes condition after being hospitalized in 2004).

9. Though the dangers of being a diabetic have been widely reported throughout the time of this worldwide pandemic, the June 15, 2020 CDC Morbidity and Mortality Weekly

---

[1] *See*, https://healthfully.com/dangers-high-hemoglobin-5154008.html (visited, 6/17/20); https://www.webmd.com/diabetes/guide/glycated-hemoglobin-test-hba1c (visited 6/17/20).

[2] *See*, Diabetes Self-Management site, https://www.diabetesselfmanagement.com/blog/a1c-measuring/?gclid=EAIaIQobChMIo_ClyJCJ6gIVBLLICh1_QgPsEAAYAyAAEgKiD_D_BwE (visited 6/17/20).

Report reminds us just how much is at stake for those stricken with diabetes during this grave health emergency:

> As of May 30, 2020, among COVID-19 cases, the most common underlying health conditions were cardiovascular disease (32%), <u>diabetes (30%)</u>, and chronic lung disease (18%). <u>Hospitalizations were six times higher and deaths 12 times higher among those with reported underlying conditions</u> compared with those with none reported. [3]

Mr. Rivera's well-being is indeed in danger as he is housed in FCI Allenwood (low) as the coronavirus continues to spread.

10. Living conditions are critical to this analysis. As of yesterday, 85 federal inmates have died from COVID-19 and thousands more have been infected. [4] As he noted in our phone conversation and in his CR submission, Doc., 672 at 5, the defendant is being housed in cramped quarters, living just a few feet from other inmates, with only limited ability for exercising proper hygiene. Confinement creates the ideal environment for transmission of the virus, particularly for inmates with health problems, as:

> [c]ongregate settings such as jails and prisons allow for rapid spread of infectious diseases that are transmitted person to person, especially those passed by droplets through coughing and sneezing. When people must share dining halls, bathrooms, showers, and other common areas, the opportunities for transmission are greater. When infectious diseases are transmitted from person to person by droplets, the best initial strategy is to practice social distancing. When jailed or imprisoned, people have much less of an opportunity to protect themselves by social distancing than they would in the community…

---

[3] *See*, https://www.cdc.gov/mmwr/volumes/69/wr/mm6924e2.htm?s_cid=mm6924e2_w (emphasis added) (visited 6/17/20).

[4] *See*, https://www.bop.gov/coronavirus/ (visited 6/17/20).

5

*See*, Declaration of Dr. Jaimie Meyer, Yale School of Med., March 15, 2020, *United States v. Tovar,* 1:19-cr-000341, Doc. 36, attach. 4, ¶ 9 (D. Idaho); *see also*, *id*. at Doc. No. 42, April 2, 2020 (ordering pre-trial release; finding COVID-19 a compelling basis).

11. Moreover, this Court is asked to consider Mr. Rivera's administrative exhaustion arguments, *e.g.*, Doc. 672 at 3, in light of *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). Indeed, "[e]ven where [administrative] exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute." *Washington*, 925 F.3d at 118. A court may waive an exhaustion requirement "where [exhaustion] would be futile, . . . where the administrative process would be incapable of granting adequate relief . . . [or] where pursuing agency review would subject [the person seeking relief] to undue prejudice." *Id*. at 118-119; *US v. Perez*, 2020 U.S. Dist. Lexis 57265, at *5-7 (S.D.N.Y. Apr. 1, 2020) (following *Washington* principles). Mr. Rivera's circumstances require an application of all three *Washington* exceptions.

12. With regards to his 18 U.S.C. § 3553(a) arguments, *see*, Doc. 672 at 9, Mr. Rivera relayed to me during our phone conversation that if released to home confinement, he would reside with his wife, Carmen Ortiz, and their two children, at 1517 Ashland Avenue, Niagara Falls, New York (zip code 14301). Carmen is a teacher with no criminal history. As Carmen's parents both suffered from diabetes, she has always been instrumental in helping Mr. Rivera handle his chronic diabetic condition.

13. Finally, government responses to CR applications often default to the classic "flood gates opening" imagery of an *en masse* prison release. This Court is not charged with such a decision. The government won't escape its constitutional responsibility to assure inmates

6

are reasonably safe, *DeShanev v. Winnebago Co. Dep't Soc. Serv's*, 489 U.S. 189, 199-200 (1993), through anecdotal exaggerations. Judicial answers to the pandemic are given one litigant at a time. Mr. Rivera, who has a serious health condition that makes him particularly vulnerable to an often deadly infectious disease, is in a facility that is not protecting him. As a result, *no one* is safe.

14. Mr. Rivera's CR application should be granted. If the Court seeks any further information, our office is more than happy to respond.

**WHEREFORE**, Jose Rivera respectfully requests that this Court reduce his term of imprisonment under 18 U.S.C. § 3582(c) to include supervised release, conditioned on home confinement, and grant such further just and proper relief.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on June 18, 2020, in Buffalo, New York.

s/ Timothy P. Murphy
_____
TIMOTHY P. MURPHY
*Assistant Federal Public Defender - WDNY*