UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                           **DECISION AND ORDER**
                                                    13-CR-83S (6)

JOSE RIVERA,

                Defendant.

On July 2, 2020, this Court denied Defendant Jose Rivera's Motion for Compassionate Release brought under 18 U.S.C. § 3582 (c)(1)(A). See United States v. Rivera, 13-CR-83S, 2020 WL 3603045 (W.D.N.Y. July 2, 2020).[1]  Now proceeding pro se, Rivera seeks reconsideration of that decision and renewal of his motion primarily on the basis that counsel failed to highlight his post-conviction rehabilitation and omitted several arguments concerning the conditions at FCI Allenwood Low, the Bureau of Prisons facility in which Rivera is held. (Docket No. 41.)  For the reasons below, Rivera's motion is denied.

Motions for reconsideration brought in criminal cases are assessed under the civil reconsideration standard, since there is no express criminal procedure provision for such motions. See United States v. Larson, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013) (collecting cases).  Reconsideration is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest

---

1 This decision is filed at Docket No. 682.

1

injustice.  See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Shrader v. CSZ Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

The decision whether to grant or deny reconsideration lies in the court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).  Parties seeking reconsideration "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant."  Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D.Pa. 1993)).  Motions for reconsideration are not to be used as a means to reargue matters already disposed of by previous rulings or to put forward additional arguments that could have been raised before the decision.  See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge."  Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

Judged against these well-settled standards, Rivera fails to state a valid ground for reconsideration: he does not assert an intervening change in controlling law; he does not cite new evidence; he does not allege a need to correct a clear error of law; and he

does not establish a need to prevent manifest injustice. Instead, Rivera simply disagrees with this Court's decision and understandably urges it to grant his request for release. That, however, is not a proper basis for reconsideration. See Duane, 1994 WL 494651 at *1; Nossek, 1994 WL 688298, *1. But even so, nothing in Rivera's present motion changes this Court's previous determination that a sentence reduction would not be consistent with the factors set forth in 18 U.S.C. § 3553 (a) or that Rivera remains a danger to the community, two findings that preclude compassionate release under 18 U.S.C. § 3582 (c)(1)(A). See Rivera, 2020 3603045, at *6-7. Reconsideration is therefore not warranted.

IT HEREBY IS ORDERED, that Rivera's motion for reconsideration and renewal of his motion for compassionate release (Docket No. 692) is DENIED.

Date:   August 6, 2020
        Buffalo, NY

                                            s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                         United States District Judge