UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                    **DECISION AND ORDER**
                                                      13-CR-83S (6)
JOSE RIVERA,                                          20-CV-824S

                            Defendant.

## I. INTRODUCTION

Presently before this Court is Petitioner Jose Rivera's pro se Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, as well as the government's Motion to Dismiss the petition on timeliness grounds. For the reasons discussed below, the petition is dismissed as untimely and, alternatively, denied on the merits as barred by the waiver provisions of Rivera's plea agreement.

## II. BACKGROUND

On December 21, 2016, Rivera pleaded guilty to conspiring to possess with intent to distribute, and to distribute, 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846. See Docket Nos. 456, 460. He did so with the benefit of a plea agreement, in which he waived his right to appeal or collaterally attack any sentence that fell within or below a term of imprisonment of 135 to 168 months, a fine of $15,000 to $10,000,000, and a term of supervised release of five years. See Plea Agreement, Docket No. 456, ¶¶ 16, 17.

Several months later, on April 5, 2017, this Court sentenced Rivera to 120 months' imprisonment, 5 years' supervised release, a $100 special assessment, and no fine, fees or costs, which was consistent with the sentencing provision in Rivera's plea agreement

1

that called for imposition of an agreed-upon 120-month sentence pursuant to Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure.  See Plea Agreement, ¶ 11; Docket No. 533.  The Clerk of Court entered judgment on April 11, 2017.  See Docket No. 540.  Rivera did not appeal.

More than three years later, on June 17, 2020, Rivera filed the instant Motion to Vacate, Set Aside, or Correct his Sentence.  See Docket No. 681.  The government moved to dismiss the petition as untimely on July 28, 2020, and filed a substantive response on October 20, 2020.  See Docket Nos. 689, 725.  Rivera did not respond to either of the government's submissions, despite being afforded the opportunity to do so. See Docket No. 684. This Court took the motions under advisement without oral argument at the conclusion of the briefing schedule.

## III. DISCUSSION

### A.     Rivera's Petition

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the legality of their sentences.  Specifically, "[s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the constitution or the laws of the United States, improperly exercised jurisdiction, or sentenced him or her beyond the maximum time allowed by law."  Rose v. United States, No. 13-CV-5885, 2013 WL 5303237, at *1 (S.D.N.Y. Sept. 20, 2013) (quoting Thai v. United States, 391 F.3d 491, 493 (2d Cir. 2005)); 28 U.S.C. § 2255 (a).  A prisoner is entitled to a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255 (b); see also Pham v. United States,

317 F.3d 178, 184-85 (2d Cir. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitations period that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).

Under § 2255 (f)(1), a petition must be filed within one year of the date that the underlying conviction becomes final.  When a petitioner fails to file a direct appeal, the judgment of conviction "becomes final when the time for filing a direct appeal expires." See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Apotosky v. United States, 09-Cr-166A, 13-CV-737A, 2016 WL 1584383, at *2 (W.D.N.Y. Mar. 8, 2016) (citing Moshier).  The time for filing a direct appeal expires 14 days after entry of judgment. See Fed. R. App. P. 4 (b)(1)(A)(i).

Here, the Clerk of Court entered judgment on April 11, 2017.  See Docket No. 540. Rivera's time to file an appeal expired 14 days later, on April 25, 2017.  See Fed. R. App. P. 4 (b)(1)(A)(i).  Rivera did not appeal.  He therefore had one year from April 25, 2017,

3

within which to file his § 2255 petition.  But Rivera filed his petition on June 17, 2020, which is three years, one month, and 23 days after April 25, 2017.  See Docket No. 681.  Rivera's petition is therefore untimely under 28 U.S.C. § 2255 (f)(1).

Rivera does not address the timeliness of his petition head on.  Construing his petition liberally, he appears to suggest that "new case laws [sic] not available at the time of sentencing" excuse his late petition, see Motion to Vacate, Docket No. 681, p. 4., and that his petition is timely because he is "actually innocent," see id. p. 10.  But Rivera does not assert a new, retroactive right recognized by the Supreme Court for purposes of 28 U.S.C. § 2255 (f), nor does he sufficiently assert actual innocence, which requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and a showing that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 324-27, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).  Consequently, Rivera's petition is untimely and must be dismissed.

Nevertheless, even if it was timely, Rivera's petition would be barred because he failed to file a direct appeal and he waived his appeal and collateral-attack rights when he knowingly, voluntarily, and competently pleaded guilty.

First, a § 2255 motion is not a substitute for an appeal.  See Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (quoting Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300, 129 L. Ed. 2d 277 (1994)).  The "procedural default" rule therefore bars collateral review of non-constitutional, non-jurisdictional claims that could have been raised on direct appeal, unless the petitioner

shows cause for failing to raise the claims on direct review and actual prejudice or actual innocence, neither of which Rivera does here. See Bousley, 523 U.S. at 622-23 (citations omitted); see also United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011); Brennan v. United States, 867 F.2d 111, 117 (2d Cir. 1989) ("non-constitutional and non-jurisdictional claims are generally procedurally foreclosed to a section 2255 petitioner if not raised on direct appeal").

Second, it is well established that a knowing, voluntary, and competent waiver made as part of a plea agreement is presumptively and generally enforceable. See Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam); see also United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011); United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001). "An enforceable waiver bars claims based on grounds that arose after, as well as before, the [plea] agreement was signed." Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005) (citing Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam)). Thus, "[i]n no circumstance . . . may a [petitioner] who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993).

To determine whether a waiver is enforceable, courts examine the underlying record and may rely on a defendant's sworn statements during the plea allocution, see Salerno v. Berbary, 389 F. Supp. 2d 480, 484 (W.D.N.Y. 2005), which statements "carr[y] such a strong presumption of accuracy that a district court does not, absent a substantial

reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony," United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001).

Rivera does not challenge the knowing, voluntary, and competent nature of his guilty plea, including his waiver of his right to appeal or collaterally attack his sentence. His claims instead concern allegedly incorrect and ineffective advice he received concerning sentencing issues. Indeed, both the plea agreement and plea allocution demonstrate the validity of Rivera's waiver.

In his plea agreement, Rivera acknowledged his rights to appeal and collaterally attack his sentence and then knowingly agreed to waive them as follows:

> The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentence range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.
>
> The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

Plea Agreement, ¶¶ 16, 17.

Rivera further acknowledged that he had read the plea agreement, that he had a full opportunity to discuss the terms of the plea agreement with his lawyer, that the agreement represented the total agreement between himself and the government, that

no promises or representations other than those contained in the plea agreement were made to him, that he understood all of the consequences of his guilty plea, that he fully agreed with the contents of the plea agreement, and that he was entering the plea agreement voluntarily and of his own free will.  Id. ¶ 25 and p. 10.

The plea allocution also confirms that Rivera validly waived his rights to appeal or collaterally attack his sentence.  Rivera expressed the voluntary nature of his plea (see Plea Transcript, Docket No. 700, p. 35), his satisfaction with his lawyer (see id. pp. 6, 19, 33), his understanding of the appeal-waiver provisions (see id. p. 31), and his acknowledgement that no promises other than those in the written plea agreement were made to him (see id. p. 32-33).

Consequently, having thoroughly examined the record, and in the absence of any contention otherwise, this Court finds that Rivera entered his guilty plea and its waiver provisions knowingly, voluntarily, and competently.  This bars each of Rivera's claims, which all relate to sentencing: that his relevant conduct was miscalculated (see Motion to Vacate, pp. 4, 13-14, 16-17); that the Presentence Report contained uncorrected errors (see id pp. 5, 14-15, 18-19); that he received a disparate sentence (see id pp. 6, 19-21); and that he is due the return of his forfeited property (see id. pp. 7, 21).  See United States v. Granik, 386 F.3d 404, 412 (2d Cir. 2004) ("Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants.").

While there are narrow exceptions to the general enforceability of waivers, none of them apply here.  A waiver provision is presumptively enforceable other than

>  (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus.

Sanford, 841 F.3d at 580 (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)).  Since none of these exceptions apply, this Court must enforce the waiver.

A valid "waiver bars claims based on grounds that arose after, as well as before, the [plea] agreement was signed." Muniz, 360 F. Supp. 2d at 577.  A valid guilty plea "conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue." United States v. Gregg, 463 F.3d 160, 164 (2d Cir. 2006); see Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973) (noting that if a defendant validly admits guilt, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").  And the Second Circuit has "long enforced waivers of direct appeal rights in plea agreements, even though the grounds for appeal arose after the plea agreement was entered into." Garcia-Santos, 273 F.3d at 509 (citing United States v. Yemitan, 70 F.3d 746, 747-48 (2d Cir. 1995)); see also United States v. Harrison, 699 F.3d 158, 159 (2d Cir. 2012) (per curiam) (finding that the petitioner's "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver") (quoting Riggi, 649 F.3d at 150 n. 7 )); Medina v. United States, 16 Civ. 5043 (AT)(JCF), 94 Cr. 0872 (SAS)(JCF), 2017 WL 476670, at *2 (S.D.N.Y. Feb. 3, 2017) (citing Garcia-Santos in rejecting a petitioner's argument that his waiver was not knowing

and voluntary "because he could not have known 'that he was also waiving a right that didn't exist at the time of the guilty plea'"). The same is true for enforcement of waivers of collateral attack under § 2255. See Garcia-Santos, 273 F.3d at 509 ("The reasons for enforcing waivers of direct appeal [when the grounds for appeal arose after the plea agreement was entered into] lead us to the same conclusion as to waivers of collateral attack under § 2255.").

Here, Rivera's ineffective-assistance-of-counsel claims are not of the type that fall outside of the waiver. "[A] waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which a waiver has been procured," such as a plea agreement. Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). A waiver may therefore be unenforceable if the petitioner has a meritorious claim that it was procured as the result of ineffective assistance of counsel. See United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004); see El Saleh v. United States, 13-CV-1567 (DLI), 2016 WL 4734601, at *3 (E.D.N.Y. Sept. 9, 2016) ("[A] defendant cannot be bound by an appeal waiver if the decision to enter a plea agreement was the product of counsel's ineffective assistance") (citing Hernandez, 242 F.3d at 114)).

Thus, "[a]n ineffective assistance of counsel claim survives the guilty plea or the appeal waiver *only* where the claim concerns the advice the defendant received from counsel" that informed his or her decision to enter the guilty plea. Parisi v. United States, 529 F.3d 134, 138-39 (2d Cir. 2008) (emphasis added). This is because, if a petitioner challenges counsel's effectiveness in connection with the plea agreement itself, he is in essence challenging the constitutionality of the process by which he waived his right to collaterally attack the sentence, and his claim therefore survives the waiver. Id. ("although

9

challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does."); see also El Saleh, 2016 WL 4734601, at *3 ("[W]here an attorney's ineffective assistance caused a defendant to agree to a waiver, a court must look past the waiver and examine the underlying merits of the ineffective assistance claim."). In short, ineffective-assistance-of-counsel claims that affect the plea process survive the waiver, and those that do not, do not. See id. at *5.

Rivera's ineffective-assistance-of-counsel claims relate to sentencing, not the plea process. As such, the claims do not survive the valid, enforceable waiver. See United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) ("[D]efendant claims that his waiver should not bar consideration of his appeal because counsel was ineffective not at the time of the plea, but at sentencing. We emphatically reject this contention."); United States v. Jimenez, 106 F. App'x 92, 93 (2d Cir. 2004) (citing Monzon, 359 F.3d at 118 ("[A] claim of ineffective assistance is waived when . . . it attacks the sentence itself and not the underlying plea agreement that supported the sentence.")); United States v. Cano, 494 F. Supp. 2d 243, 248 (S.D.N.Y. 2007) (finding that only "when the claim relates to the negotiation and entry of a plea or sentencing agreement" may "[c]laims of ineffective assistance of counsel . . . survive § 2255 waivers"). Rivera's arguments are further premised on subsequent caselaw, which is also not a ground to avoid the waiver. See United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005) (holding that a defendant's "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver. On the contrary, the

possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements."). Consequently, Rivera's claims fail as barred by the waiver provisions in his plea agreement.

**B.     Evidentiary Hearing**

Section 2255 provides that a court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4 (b) also provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

Here, this Court finds that no evidentiary hearing is warranted or required because Rivera's motion and the record conclusively demonstrate that the motion is untimely and that, alternatively, Rivera is not entitled to relief under § 2255. See Orbach v. United States, 11 Cr. 111 (NRB), 2017 WL 5632815, at *7 (S.D.N.Y. Nov. 7, 2017) (denying request for a § 2255 hearing where "[t]he existing record is conclusive that petitioner is not entitled to relief on any theory presented to [the court]").

**C.     Certificate of Appealability**

For a certificate of appealability to issue, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). To make the required "substantial showing," Rivera must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted). Rivera makes no such substantial showing of the denial of a

constitutional right in this case.  A certificate of appealability will therefore not issue.

## IV. CONCLUSION

For the reasons stated above, Rivera's Motion to Vacate, Set Aside or Correct his Sentence is denied.  If Rivera wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 60 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit, in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that the government's Motion to Dismiss (Docket No. 689) is GRANTED, and that alternatively, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction under 28 U.S.C. § 2255 (Docket No. 681) is DENIED.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that the Clerk of Court is directed to CLOSE 20-CV-824S.

FURTHER, that the Clerk of Court is directed to mail a copy of this decision to Petitioner at his correctional institution of record.

SO ORDERED.

Dated:   June 17, 2021
         Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge